The appellee, upon the failure of the appellant, has field the record here, but he now prays nothing from the Court and only demands a certificate from the clerk. I am of opinion that he is not entitled to it, and that we are bound to look into the record and pronounce such judgment as the court below should. Upon the failure of the appellant to file the papers in time two modes of proceeding are given to the appellee by the act establishing this Court. The first is to obtain a certificate of the clerk of such failure and to proceed to enforce his judgment in the court below by process from that court. For an appeal to this Court does not, like one from the (239) *Page 122 
County to the Superior Court, entirely annul the judgment of the inferior court, but only sub modo, that is to say, provided the record is received and the appeal entertained by this Court. It is otherwise with appeals from the county court. Before the judgment can ever be acted on it must be affirmed by the Superior Court. The other mode is for the appellee to file the transcript himself at any time within the first or second term of this Court after the appeal was granted, and move for judgment of confirmation. By the act of filing the record the appellee moves for judgment of affirmance. It is the only legal construction which can be put upon his act, for he can have no other legal object in view. And his act points with so much certainty to this object that he shall not at the time of doing it, nor at any other time, ever a contrary design. The words can neither qualify nor give to the act an explanation contrary to the legal intent. We must, therefore, reject the appellee's declarations, made at the time of filing the transcript, and view the appeal as here. Suppose he had not filed the record at this term, but had taken a certificate on which he had acted, but could not obtain satisfaction by execution from the court below against the appellants. He could not at the next term bring up the record, for the sake of his chance for an affirmance, that he might have execution against the sureties also. No more can he have a certificate after once asking for an affirmance, which he does by filing the transcript. He must take one course or the other from the beginning and abide by his choice.
The appellant's counsel has urged as a reason why the judgment should be reversed and a new trial granted that the judge omitted to make up a case. He contends that an appeal presupposes a case; and a none appears the remedy must be by new trial, for otherwise irreparable mischief would be done; and none will arise from it, because if the merits be with the (240) plaintiff the result will be the same upon a second trial. This reasoning would be unanswerable were the premises correct, but they are not. An appeal does not necessarily presuppose a case to be stated by the judge, from whose opinion on the case the appeal was taken. For the appeal can as well be from a judgment on what is called emphatically the record, that is to say, the writ, declaration, pleas, replication, etc., to the issues, verdict and judgment, as from any opinion of the judge given on points arising in the progress of the cause. This matter is verified in the very case now before us, for the appellant now urges that this judgment ought to be reversed for alleged defects in the declaration and other errors appearing on the face of the proceedings. For these and the reasons given by the Chief *Page 123 
Justice I am of opinion that there ought not to be a new trial and that the judgment must be affirmed.